Harper, J.
delivered the opinion of the Court.
We think, that according to the plain import of the terms of the act of 1789, the land in question was included in the grant to the Catawba Company. It seems to me a strange construction to say, that an island lying in the Catawba river, is not within two miles of that river. The grant was not of a continuous tract of land, included within specified boundaries. Most of the land within the specified distance had been granted to individuals, and the grant to the company was of the various detached parcels lying within the general limits mentioned. All the parcels lying within those general limits were of course included. The islands within the bed of the river, would seem to have a more immediate relation to the objects of the grant than lands at some distance from it.
But if the grant had been of two parcels, each extending two miles from the river and bounded by it, it would seem on authority that the islands would be included. It is clear that land bounding on a river not navigable, extends to the middle of the main channel of the river, usque, ad filum aqum. In Cates v. Wadlington, 1 M‘C. 580, it was held that this rule extends to rivers capable of being rendered navigable, though not yet made so. The act itself shows that this was the situation of that part of the Catawba river. It is unnecessary however to decide any thing on this view of the case, as we are clear upon the meaning of the act. The motion must therefore be granted.